IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN RALSTON, JR.,
    Plaintiff
    v.
JEFFREY A. BEARD, et al.,
    Defendants

Case No. 3:10-cv-8-KRG-KAP

## Order, Report and Recommendation

### Order and Recommendation

Plaintiff has filed an amended complaint, docket no. 40, to which the defendants have filed motions to dismiss, docket no. 20 (Dr. Salameh and Dr. Untracht), docket no. 23 (Secretary Beard, Warden Sobina, Warden Pickins, Sergeant Santorella, Ms. Overton, Ms. Kowalewski). Except for the allegation of assault against defendant Untracht, the amended complaint should be dismissed for failure to state a claim.

Plaintiff's amended complaint contains a motion for the appointment of counsel. Pursuant to 28 U.S.C.§ 1915(e)(1) and the March 24, 1999 Order of the Board of Judges of the United States District Court for the Western District of Pennsylvania at In re: Funding of Plan for the Appointment of Counsel in Select Pro Se Prisoner Civil Rights Action, Misc. No. 99-95 (W.D.Pa.), it is

ORDERED that the Clerk is directed to contact the Allegheny County Bar Foundation of the Allegheny County Bar Association to request a lawyer review the pleadings in this matter to decide whether counsel wishes to represent the plaintiff in this matter. The Clerk shall provide prospective counsel with a copy of the docket sheet and any pleadings requested by prospective

counsel. Prospective counsel should note that acceptance of representation does not constitute leave to expend Court funds without prior approval after motion and hearing.

Report

The history of this matter is set out at docket no. 5, docket no. 11, docket no. 37, and docket no. 39, and need not be repeated. Ralston's amended complaint adequately alleges that on November 6, 2009, he was assaulted by defendant Dr. Untracht when the doctor exceeded the appropriate limits of a physical examination. The Supreme Court, in Hudson v. McMillian, 503 U.S. 1 (1992), held that unnecessary uses of force which cause even minor injury are actionable as violations of the Eighth Amendment, and that even in cases of no physical injury, a defendant could be liable for the use of force "of a sort repugnant to the conscience of mankind." 503 U.S. at 10 (internal quotation omitted). Although this comment was not further defined in Hudson, it covers plaintiff's allegations against defendant, which in effect accuse the defendant of sexual assault. See Lindsay v. Cho, 3:96-cv-294-DBS-KAP (W.D.Pa.). The matter must proceed to discovery.

Ralston mentions defendant Salameh in his amended complaint but does not state any claim against him. Ralston does not even attempt to link the remaining defendants to any deprivation of his rights. The motions to dismiss filed by the rest of the defendants should be summarily granted. Further leave

to amend the complaint is denied as inequitable. I will issue a discovery schedule once I know whether counsel will appear for the plaintiff.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 10 August 2011

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

John W. Ralston, Jr. BC-6182
S.C.I. Laurel Highlands
P.O. Box 631
5706 Glades Pike
Somerset, PA 15501-0631