IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN RALSTON, JR.,
    Plaintiff

v.

JEFFREY A. BEARD, et al.,
    Defendants

Case No. 3:10-cv-8-KRG-KAP

Report and Recommendation

Recommendation

    Plaintiff John Ralston filed a civil complaint that, as amended, docket no. 40, has one claim remaining: that on November 6, 2009, he was sexually molested by defendant Steven Untracht, M.D., in the course of a medical examination. Defendant filed a motion for summary judgment, docket no. 49, with a brief in support, docket no. 50, and an appendix of exhibits, docket no. 51, docket no. 52. Plaintiff's extended time to respond has expired; if what plaintiff submitted at docket no. 66 is a motion for another extension of time, it is denied. Summary judgment should be granted to the remaining defendant.

Report

    This is the fourth sexual assault civil complaint I have dealt with alleging sexual assault by a prison employee against an inmate. See Lindsay v. Cho, 3:96-cv-294-DBS-KAP (W.D.Pa.); Victor v. Connolly, 3:07-cv-292-KAP (W.D.Pa.); Daniel v. United States Department of Justice, 3:09-cv-95-KRG-KAP (W.D.Pa.). The Supreme Court has not confronted the problem of setting out the elements of a cause of action for sexual assault, but I continue to believe the appropriate starting point is Hudson v. McMillian, 503 U.S. 1

(1992). <u>Hudson</u> held that unnecessary uses of force which cause even minor injury are actionable as violations of the Eighth Amendment, but <u>de minimis</u> uses of force are not. The Court added that, even in cases in which there was no physical injury, a defendant could be liable for the use of force "of a sort repugnant to the conscience of mankind." 503 U.S. at 10 (internal quotation omitted). Although this comment was not further elaborated in <u>Hudson</u>, I believe it applies to inmate allegations of sexual assault. Even in cases without physical harm, sexual assault of an inmate by a prison employee acting under color of law constitutes the infliction of punishment in violation of the Eighth Amendment.

The three other sexual assault claims mentioned above involved allegations that the prison employee had engaged in repeated sexual abuse of an inmate. Plaintiff alleges a single episode in which defendant touched his plaintiff's genitals and put a finger in plaintiff's anus. Since this was in the course of a prostate examination, that conduct does not of itself permit an inference that a sexual assault took place. Of course sexual assault can take place during a medical examination, and does not require repeated episodes to be actionable. But alleging a colorable claim based on a single episode of alleged assault during a medical examination is not the same as having evidence that withstands summary judgment. Plaintiff does not dispute

defendant's assertion that the touching came in the course of a regularly scheduled and legitimate medical examination. There is no assertion, much less evidence in support of an assertion, that defendant acted in order to arouse or gratify sexual desire in either plaintiff or defendant. I have found no civil precedent on point, but an intent to arouse or gratify sexual desire is a necessary element of the analogous criminal offense, and until authoritative precedent establishes a contrary rule, I believe an intent to arouse or gratify sexual desire is a necessary element of the civil cause of action as well.

There is no circumstantial evidence (for instance a repeated course of conduct, as in the other three cases mentioned) from which such an intent to arouse or gratify sexual desire can be inferred. What the record presents is at most a complaint of bad medical technique ("I have had very many of these before and have never had one so rough.") and the making of inappropriate remarks ("you can now have more boyfriends," "you can make money, the guys will like you") during a medical examination.

Defendant disputes that there was even any medical negligence and in fact to the contrary asserts that the medical care given was timely and appropriate. Untracht Declaration, docket no. 52 at 56-59. For purposes of deciding defendant's summary judgment motion, where there is a contradiction between the plaintiff and defendant about what happened on November 6, 2009,

3

I must accept plaintiff's version of the facts. But there is very little difference in the factual accounts. Unprofessional conduct, which is what plaintiff's account boils down to even if plaintiff's account is accepted in full, is a matter to be dealt with in state court, or perhaps through the licensing body responsible for supervision of the practice of medicine, but it does not violate the Eighth Amendment.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: August 1, 2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

John W. Ralston, Jr. BC-6182
S.C.I. Laurel Highlands
P.O. Box 631
5706 Glades Pike
Somerset, PA 15501-0631

4